UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.F., a Minor, by and through her Next Friend, Shannon Foster, et al., ) ) ) Plaintiffs, ) ) vs. ) ) PFIZER, INC., et al., ) ) Defendants. ) | Case No. 4:12CV1221 CDP |

### MEMORANDUM AND ORDER OF REMAND

Plaintiffs[1] filed this action in state court claiming that they suffered various birth defects as a result of their mothers' use of the prescription drug sertraline during pregnancy. Sertraline, which is manufactured under the trade name Zoloft®, is manufactured, promoted and/or sold by defendants.

On July 6, 2012, defendant Pfizer removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs seek remand, arguing that this Court lacks subject-matter jurisdiction because Pfizer and some of the plaintiffs are all citizens of New York.[2] In opposition to remand, Pfizer argues that the citizenship of the New York plaintiffs should be disregarded because plaintiffs' claims are fraudulently misjoined.

---

[1] Plaintiffs are twenty-two minor children who appear by and through their next friends.

[2] Pfizer is a citizen of Delaware and New York.

Pfizer also urges me to stay my ruling on the motion to remand because it has moved the Judicial Panel on Multidistrict Litigation (JPML) to transfer this case to Multidistrict Litigation (MDL) Case 2342, In re Zoloft® Products Liability Litigation, which is pending in the Eastern District of Pennsylvania before the Honorable Cynthia M. Rufe.[3]  I will not stay ruling on remand.  "A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (citing Manual for Complex Litigation 3d § 31.131, p.252 (3d ed. 1995)).  This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction.  See Thompson v. Apple, Inc., 2011 WL 2671312, *4 (E.D. Ark. July 8, 2011).  "In this case, the court believes the best course is to decide the motion to remand because judicial economy will be best served by addressing the remand issue as it will facilitate litigation in the appropriate forum." Kohl v. American Home Products Corp., 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999) (internal citation and quotation

---

[3]Pfizer argues that transferor courts "regularly decline" to consider motions to remand in cases pending transfer to the MDL court upon the insistence of the JPML.  This is contrary to my experience, not only as a transferee judge presiding over other MDL actions, but also as the judge in this case.  JPML Chairman John G. Heyburn, II, in a letter about this case dated July 17, 2012, told me that "the Panel would like to emphasize that your jurisdiction continues until transfer to the MDL- if the Panel so orders - becomes effective.  You should feel free to rule on any pending motions, including, but not limited to motions for remand to state court." (emphasis supplied).

marks omitted).  As another district court in this circuit has commented, "This Court is in the best position to determine its subject matter jurisdiction . . . To stay the case pending a decision by the MDL Panel would waste judicial and other resources and would not promote the efficient administration of justice."  Stone v. Baxter Intern., Inc., 2009 WL 236116, *2 (D. Neb. Jan. 30, 2009).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there."  In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)).  Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackleford, 478 F.3d 957, 963 (8th Cir. 2007)).

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule."  In re Prempro, 591 F.3d at 620.  "Fraudulent joinder

occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id.

Here Pfizer is claiming fraudulent misjoinder of plaintiffs, not that any defendant was fraudulently joined. The Eighth Circuit Court of Appeals has not yet determined whether fraudulent misjoinder is a valid basis for removal. Prempro, 591 F.3d at 620. The Eighth Circuit recently discussed the argument:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction. Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

Id. (footnotes omitted).

In Prempro, plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. Id. at 613. Defendants removed the cases to federal court, alleging diversity jurisdiction. In support of removal, defendants argued that plaintiffs' claims were fraudulently misjoined

because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a). Id. at 618.

The Eighth Circuit declined to either adopt or reject the fraudulent misjoinder doctrine, holding that "even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id. at 622. In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving HRT manufacturers and users and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation. Id. at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." Id. (distinguishing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1986), and declining to apply it and fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham' . . . .").

Similarly, in this case, there is no need to express an opinion on the validity of the fraudulent misjoinder doctrine because Pfizer has failed to demonstrate that the joinder of New York citizens with other plaintiffs in this action "is so egregious and grossly improper . . . . that plaintiffs' misjoinder borders on a 'sham' . . . ." Prempro, 591 F.3d at 624. As other judges from this district and I have found, the joinder of plaintiffs alleging injury from a single drug is not

"egregious" because common issues of law and fact connect plaintiffs' claims. See, e.g., S.F., et al. v. Pfizer Inc., Case Number 4:12CV420 CEJ (E.D. Mo. April 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia®).[4]  Plaintiffs in this case have filed suit against defendants for injuries caused by the same drug and arising out of the same development, marketing and sales practices for that drug, and common issues of law and fact are likely to arise in the litigation.

Pfizer attempts to distinguish this case from Prempro by arguing that each plaintiffs' claim will depend upon unique factual determinations, that the laws of many states apply to plaintiffs' claims, and that plaintiffs must have filed this suit for the sole purpose of defeating federal jurisdiction because their attorney has filed other "properly joined" cases in the MDL.  These arguments are insufficient to demonstrate the propriety of jurisdiction here.  Plaintiffs' claims need not arise from the same transaction or occurrence, nor do they need to share a common outcome or state law, as long as common questions or law are fact are likely to arise in the litigation.  See Prempro, 591 F.3d at 623.  Nor do I find it relevant to

---

[4]Pfizer argues that I should ignore the Honorable Carol E. Jackson's opinion in Pfizer because it was issued before the establishment of the Zoloft® MDL.  This argument is not persuasive.  I have jurisdiction to decide the remand issue before the JPML rules on the motion to transfer, and the mere fact that the JPML has decided to establish an MDL does not determine whether this case is properly before this (or any other) district court.  Pfizer also disagrees with Judge Jackson's ruling, but I find it persuasive and agree with her reasoning.

my analysis that plaintiffs' counsel has cases pending in the MDL as this fact does not demonstrate that joinder is "so egregious and grossly improper . . . that it warrants an . . . application of the fraudulent misjoinder doctrine." Id. at 624.

Plaintiffs' claims are sufficiently related to support joinder in this case, and Pfizer has not met its burden of demonstrating that the parties are diverse or that this Court has jurisdiction over this case as required by 28 U.S.C. § 1332. Because I lack subject-matter jurisdiction over this case, I will grant the motion for remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [#9] is granted, and the Clerk of the Court shall remand this action to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri from which it was removed.

**IT IS FURTHER ORDERED** that all other pending motions are denied without prejudice.

                                          _____
                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2012.